```
                                              FILED

                                        06 NOV -3 PM 12: 35

                                        CLERK, U.S. DISTRICT COURT
                                        SOUTHERN DISTRICT OF CALIFORNIA

                                        BY:                    DEPUTY
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CALIFORNIA WHOLESALE ELECTRICITY ANTITRUST LITIGATION | MDL 1405<br><br>NO. CV-06-954-RHW |
| PEOPLE OF THE STATE OF CALIFORNIA EX REL., BILL LOCKYER, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORPORATION and DOES 1-100,<br><br>    Defendants. | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court are Plaintiff's Motion to Remand (Ct. Rec. 5) and Defendant's Motion to Dismiss (Ct. Rec. 3). A hearing was held on the motions on October 5, 2006. Plaintiffs were represented by Song Hill, Annadel Almendras, and Myung Park. Defendants were represented by Kimberly Hicks, Daniel Wall, Alan Yudkowsky, and Peter Jazayeri.

### BACKGROUND

This case is just one of many filed by the State of California against energy companies in an attempt to find justice and economic relief for its citizens as a result of the "California Energy Crisis". Plaintiff brings this action to "enforce the State's police and regulatory powers under California's Unfair Competition Law, and the California Commodity Law of 1990." Plaintiff alleges that Defendant

engaged "in a number of unlawful, unfair, fraudulent, and manipulative trading schemes to the detriment of the People of the State of California. A fundamental element of the trading schemes was the deliberate use of false or misleading information." Plaintiff seeks an injunction, damages, civil penalties, and other equitable relief as authorized under California law.

### PROCEDURAL HISTORY

Plaintiff filed suit in the Superior Court of Sacramento County on November 16, 2005. Defendant filed its Notice of Removal on December 16, 2005, and on December 22, 2005, Defendant filed its Motion to Dismiss. On January 1, 2006, Plaintiff filed its Motion to Remand. On January 17, 2006, the case was reassigned to Judge Garland Burrell. The case was then transferred to the Southern District of California before Judge Burrell could hear the pending motions.

### I.  Plaintiff's Motion to Remand

Plaintiff asserts that there is no proper basis for removal because its case is a law enforcement action brought against Defendants to enforce California's anti-fraud and consumer protection laws. Plaintiff asserts that it is not challenging any federal tariffs or contractual obligations, nor is it seeking to enforce any liability or duty created by the Federal Power Act. Moreover, its allegations are sufficient to sustain the elements of the state claims without resorting to federal law; therefore the case should be remanded back to state court.

Defendant argues that Plaintiff's complaint alleges violations of federal law arising under the Federal Power Act. Defendants argue that every transaction underlying the alleged fraudulent trading schemes occurred pursuant to the Federal Tariffs in the wholesale energy market. Accordingly, these Federal Tariffs are essential to the resolution of the Complaint because they provide the rules governing the conduct in the wholesale energy market.

Pursuant to 28 U.S.C. § 1441(a), a party may remove to federal court a civil

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2**

1  action that was filed in state court, if the district court would have original
2  jurisdiction over the action. Pursuant to 28 U.S.C. § 1331, district courts have
3  original jurisdiction over all civil actions arising under the Constitution, laws, or
4  treaties of the United States. An action may be remanded to state court if the
5  federal court lacks subject matter jurisdiction or because of a defect in the removal
6  procedure. 28 U.S.C. § 1447(c).

7  As a general matter, the jurisdiction of federal courts is limited, and may not
8  be expanded by judicial decree or in the absence of a federal question or issue.
9  Thus, removal jurisdiction is extremely limited, and, as such, the removal statute,
10 28 U.S.C. § 1441, is strictly construed against removal. *See Clinton v. Acequia,*
11 *Inc.*, 94 F.3d 568, 573 (9th Cir. 1996), *citing Sullivan v. First Affiliated Sec., Inc.*,
12 813 F.2d 1368, 1372 (9th Cir. 1987). The burden of establishing federal
13 jurisdiction falls to the party invoking the removal statute. *California ex rel.*
14 *Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

15 Recently, the Supreme Court characterized the "arising under" doctrine as
16 representing a "commonsense notion that a federal court ought to be able to hear
17 claims recognized under state law that nonetheless turn on substantial questions of
18 federal law, and thus justify resort to the experience, solicitude, and hope of
19 uniformity that a federal forum offers on federal issues." *Grable & Sons Metal*
20 *Products, Inc. v. Darue Eng'g & Mfg.*, 125 S.Ct. 2363, 2367 (2005). The Court
21 recognized that there is no "'single, precise, all-embracing' test for jurisdiction
22 over federal issues embedded in state-law claims between nondiverse parties." *Id.*
23 at 2368. Instead, courts must determine whether "a state-law claim necessarily
24 raise[s] a stated federal issue, actually disputed and substantial, which a federal
25 forum may entertain without disturbing any congressionally approved balance of
26 federal and state judicial responsibilities." *Id.*

27 Here, it is undisputed that on the face of the Complaint, Plaintiff does not
28

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3**

allege violations of any federal law. Even so, the Ninth Circuit has repeatedly found that claims under the California unfair competition claims are within the exclusive jurisdiction of FERC, which in turn provides subject matter jurisdiction for the federal courts. *See Pub. Util. Dist. No. 1 of Grays Harbor County Wash. v. Idacorp, Inc.*, 379 F.3d 641 (9th Cir.2004) ("Grays Harbor"); *Pub. Util. Dist. No. 1 of Snohomish County v. Dynegy Power Mktg. Co.*, 384 F.3d 756 (9th Cir.2004), *cert. denied*, 125 S.Ct. 2957 (2005) ("Snohomish"); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 1836 (2005) ("Dynegy").

Plaintiff attempts to distinguish these cases by arguing that it is not asking the Court to determine the fair market rate, nor is it asking the Court to enforce the tariffs. Rather, it is asking for the award of civil statutory penalties. This may be true. The basis for the award of statutory damages, however, would be violations of the obligations imposed by the Federal Tariff. The obligations imposed by the Federal Tariffs are essential to Plaintiff's cause of action; without them, the causes of actions cannot be adjudicated. Thus, the right to relief under state law "requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 2 (1983). Because Plaintiff's claims for relief are "partially predicated on a subject matter committed exclusively to federal jurisdiction," the Court has subject matter to hear Plaintiff's claims. *Sparta Surgical Corp v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998); *Dynegy*, 375 F.2d at 843. Moreover, there is a strong federal interest in the wholesale energy market to provide federal courts with subject matter jurisdiction. *Grable*, 1235 S.Ct. at 2371.

Accordingly, notwithstanding Plaintiff's artful pleading, the Court has jurisdiction over Plaintiff's Complaint because resolution of Plaintiff's claims are necessarily federal in character and depends on resolution of a substantial federal

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4**

question.

## II. Defendant's Motion to Dismiss

Defendants argue that Plaintiff's Complaint is barred by field and conflict preemption and the filed rated doctrine. The Court agrees.

The Ninth Circuit has made clear that interstate "'transmission' or 'sale' of wholesale energy pursuant to a federal tariff–not merely the 'rates'– falls within the FERC's exclusive jurisdiction." *Dynegy*, 375 F.3d at 851. Because Defendant's conduct in transmitting and selling wholesale energy pursuant to a federal tariff is the underlying basis for Plaintiff's claims, the state law claims are preempted under the Federal Power Act. Moreover, if this Court were to impose civil statutory penalties under California law, such a ruling would "stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 308 (1988). Although the state does have regulatory authority over the conduct of its citizens, the Ninth Circuit clearly stated that this authority does not extend to specific tariff-governed conduct that is alleged in this case. *Dynegy*, 375 F.3d at 851.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Remand (Ct. Rec. 5) is **DENIED**.
2. Defendant's Motion to Dismiss (Ct. Rec. 6) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

DATED this 2nd day of November, 2006.

ROBERT H. WHALEY
United States District Judge

Q:\San Diego Cases\ENERGY CASES\People v. Sempra\remand.dismiss.wpd

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5**